Aptim Corporation v. McCall. Ms. Murphy. Thank you, Your Honor, and may it please the Court. Erin Murphy on behalf of Defendant Appellant Dorsey Vaughn McCall. By the time the Federal District Court ruled on the motion to compel arbitration in this case, a state court had already resolved that question, staying the very same arbitration that Aptim was asking the District Court to compel. Whatever the Federal Court may have thought about the state court's resolution of that question, the fact that the state court had already resolved it should have led the Federal Court to stay its hand. That conclusion follows both from the Colorado River Abstention Doctrine, which instructs federal courts to abstain when exercising jurisdiction would risk creating inconsistent state and federal decisions, and also from the Anti-Injunction Act, which precludes federal courts from issuing injunctions to deprive first-in-time state court decisions of effect. But in all events, even if the District Court was to correct to exercise jurisdiction here, it had no basis to disturb the state court's waiver ruling, as its view that Aptim was somehow not bound by the conduct of its assignor was simply wrong. If I could start by talking a bit about the Colorado River Abstention Doctrine. While this court hasn't squarely confronted the question of what a federal court should do if the state court has already resolved the only question the Federal Court is asked to consider, three courts of appeals have, and every one of them has concluded that that's a circumstance in which the Federal Court should abstain. Isn't the question a question of balancing between the federal policy favoring arbitration and the danger of having piecemeal litigation? It's a balancing analysis and a discretionary analysis, but we would submit that it's an extraordinarily heavy thumb on the side of abstention when the state court has actually already resolved the issue. In your typical Colorado River abstention case, there's parallel litigation going on, but neither court has gotten to resolution yet. And the question is, well, which court looks like they're going to get there faster? But in a context where there's only one issue that the Federal Court's asked to consider and the state court has just ruled on that same issue, the balance ought to weigh heavily and perhaps conclusively at that point in favor of abstention. And that's the conclusion reached by the Sixth Circuit in the Van Arsdale case, which is a case that is really almost identical to this case in its posture. It's a case where both a state and a federal court were considering whether to compel arbitration, and the state court answered the question first. And the Sixth Circuit said that the district court was correct to abstain there, because at that point, it's not just a risk of piecemeal litigation or inconsistent judgments or duplicative litigation. The issue is done. The state court has completed all, it's made the progress, it's answered the question. So for the federal court to step in and take a second look is inevitably going to create exactly the kind of inconsistency that Colorado River abstention says federal courts should try to avoid. What's the standard of review on the abstention issue? So it's legal question as to whether the factors for abstention were satisfied, and then at that point it's discretionary. We would submit here the district court actually made significant legal errors in analyzing the Colorado River abstention factors. And I think the most significant one is on this third factor. The district court said inconsistent judgments are just irrelevant to the analysis, because this isn't a case involving physical property. And that's simply wrong. I mean, that is, you know, that's obviously squarely contrary to decisions from all these other courts that have found inconsistent judgments to be a tremendously important consideration in cases involving arbitration. This court has other cases in which it's treated Colorado River abstention as appropriate in the arbitration context. So there's a clear legal error here in the district court saying it's just irrelevant to the analysis that I'm being asked to overrule a pre-existing state court ruling. I think there's also legal error in the district court's analysis of the fourth factor. This is the question about how much progress has been made. The right question here to ask was how much progress had been made in the state court on the question of whether to compel arbitration or whether in the state court the posture was whether to stay arbitration. And the progress was complete. The question had been completely resolved. So that should have really been controlling as to the fourth factor. And on the fourth factor, the court also made the same mistake it ultimately made later on in its waiver ruling of saying, well, whatever has been happening in state court, that was the assignee or not the assignee. So I can kind of ignore what was going on there. So I think here there's legal error in the way that the district court approached the analysis and that's why the court ended up getting the analysis wrong. And I think that's really clear from the cases from other courts that have dealt with this posture and said the right thing to do in these circumstances is to abstain. I mean, the Fourth Circuit actually did overrule a district court and say that the court erred by not abstaining in a context where the state court had already ruled there it was competing motions to vacate an arbitration award and confirm an arbitration award. And the Fourth Circuit said, rightfully in our view, in that circumstance, that's an unusual circumstance and it is the extraordinary circumstance that warrants abstention when the federal court is just openly being asked to reconsider and overrule a decision of a state court. And I think it is particularly, you know, that the posture of having this issue arise in a case where there's only one thing the federal court's being asked to do. You know, it's not like there's a lot going on and there happens to be one piece of it the state court has already considered. There's only one issue in the federal court case and it's the issue that had been resolved just days earlier by the state court. So I think the abstention analysis leads to the conclusion that the district court erred by exercising jurisdiction. I think the Anti-Injunction Act itself reinforces that conclusion because the Supreme Court has made very clear that the Anti-Injunction Act cannot be used to come in after the fact and deprive a preexisting state court judgment of its force. That was essentially what was going on in the Atlantic coastline case that we discuss in our briefing. And the court said, you know, even if you think the state court got an issue of federal law unmistakably wrong, that's not a basis to come in after the fact and enter an injunction. The remedy for a state court party who thinks the state court has gotten an issue of federal law wrong is appeal with ultimate review sought by the Supreme Court. So the Anti-Injunction Act and the fact that the district court didn't have the power to be enjoining these state court proceedings and essentially depriving the preexisting state court order of effect reinforces the conclusion that the appropriate thing to do was abstain from exercising jurisdiction over the issue. I assume you acknowledge that there would be appropriate cases in which it would be appropriate both to decline to abstain but also decline to issue an injunction. Yeah, I think there could be. I mean, the abstention doctrine is by its nature a discretionary deterrent on the facts and circumstances of the case. So I'm sure there could be a case where you end up with both of those conclusions. The point being that the general prohibition on injunctions is stronger. It is. It certainly is. But, you know, I think when you look at all of these doctrines together and I thought Judge Niemeyer's opinion for the court in the Fourth Circuit in the Vulcan case really, to me, speaks to the point we're making here, which is when you take all of these doctrines together, the Anti-Injunction Act, Full Faith and Credit Act, Collateral Estoppel, you know, all of them are getting at the same point, which is, look, federal court shouldn't go out of their way to interfere with state court proceedings. You can have concurrent proceedings, but it's a different ballgame once you get to the point of the state court having already ruled and if the federal court has discretion, which we know the federal court does have discretion to stay its hand, that's a perfect case for exercising that discretion. So our core submission here is that the district court never should have been considering this case in the first place through both principles of distinction and the Anti-Injunction Act, but to the extent the court were going to reach the question of waiver, we certainly don't think the district court got that right. The only ground the district court provided for not, you know, for disagreeing with the analysis of the state trial court that actually had overseen the litigation was this idea that Aptom is not bound by the litigation conduct of Shaw because Aptom's the assignee. Aptom has still never pointed to a single piece of authority that supports the notion that a party that only has interests as an assignee is not bound by the litigation conduct and waiver of its own assignors. So even if it were appropriate for the court to have exercised jurisdiction here, which we do not think it was, there was no basis to disturb the waiver ruling that the trial court had already reached. If the court doesn't have questions for me at this time, I'm happy to cede time and speak to you on rebuttal. Yes, you've saved time for rebuttal, Ms. Murphy. Thank you. Thank you. Ms. Concian? Thank you. May it please the court, Phyllis Concian with Baker Donaldson on behalf of the District Court. Your Honors, the District Court's judgment, in our opinion, was based on well-settled Supreme Court and Fifth Circuit precedent and should be affirmed in all respects. I mean, how can it be appropriate to enjoin a state court that's already decided the issue? I don't understand that. Well, Your Honor, the decision of the District Court was not a final decision. It was an interlocutory ruling. It had only been made the day before. You mean the State Court? The State Court, I'm sorry. Yes, apologies. The District Court had a hearing on September the 8th. The judgment of the State Court was issued on September the 7th. It was an interlocutory ruling and it wasn't final. The questions really center upon whether the Federal Court had jurisdiction, and clearly it did, and whether or not the Court should abstain. That is a very exceptional circumstance. And given the strong Federal policy here under the Federal Arbitration Act of arbitration, I think that the Court got it right and exercised her discretion in ordering arbitration. And I don't believe... Aren't you saying simply that the Federal law is a better law? And since we're here, the Federal government is more powerful with its position, and so it can stay an effective order by the State Court? The Federal Court can certainly stay the State Court action if it finds that it's necessary to protect and effectuate its judgment. And, in fact, to protect the final judgment that rendered. In other words, the District Court had issued a judgment compelling arbitration and finding that no waiver of arbitration existed. Under Federal law, that is a final judgment that it can then, in order to protect and effectuate that judgment, it can enjoin a State Court proceeding. And, in fact, what happened in this case is after the District Court did enjoin the State Court, the party, McCall, went back to State Court to try to end-run around the District Court's judgment. We had to go back to the District Court and ask for clarification because they were trying to get a decision that was contrary to the at that point that it was necessary that she enjoin the State Court proceeding from ruling on the merits. The distinction in this case is that, number one, we did not file the Federal Court action when we were a party to the State Court proceeding. We had been precluded from joining in the State Court. We were doing anything and everything we could to protect our right to arbitration as quickly as we could. Only two weeks after Aptom bought the business at issue and was assigned the rights under the employment agreement did Aptom file for arbitration. They did not wait. They did not sit on their hands. They did not prejudice Mr. McCall at all. When it became clear that he was refusing to participate in the arbitration, he was filing countless motions to hold Aptom in contempt for pursuing arbitration, which it was entitled to do under the party's contract. After it became clear that he was not going to participate in arbitration, what Aptom did was it filed in the court that it could, Federal Court, which had separate jurisdiction. Under the FAA, the Federal Arbitration Act, there is a specific procedure that allows an aggrieved party who has not been allowed to enforce its right to arbitration to file an action in any United States district court. We were not a party in the State Court proceeding because we had been refused. He was not participating in the arbitration that we had filed. He was refusing. The AAA was not proceeding with it because he was not participating and it indicated he was seeking a stay. Before the stay was ruled upon in the State Court, and while we were not a party to that proceeding, in order to protect our rights to arbitration, there was no question that he would agree to arbitrate. He would invoke the arbitration agreement himself in a separate arbitration against his former employer. He wasn't arguing that it was unenforceable. He wasn't arguing that there was a vice of consent. He wasn't even arguing that it did not cover, the dispute did not cover, was not covered within the scope of the arbitration agreement. He simply was refusing. And so, on that basis, we went to Federal Court. And at a hearing... And to me, the question is, can the district court order the stay of a State Court order? You mentioned final judgment. I haven't found a final judgment yet. There's not one here. What? There's a final judgment. You don't think the Federal Court district order is final? It's not final. It's not final, is it? Well, the only thing left for the court to do... It's arbitration. Yeah. But it's not final. It is not a final judgment. There hasn't been a final judgment. Well, Your Honor, the Fifth Circuit case law, as I read it, is that once a district court grants a petition to compel arbitration, and that's the only question before the district court, then... And they grant and order the parties to arbitration. There's nothing else to be decided. And so, therefore, that constitutes a final judgment. And on that basis, once there is a final judgment, the Fifth Circuit case law is pretty clear in Biles and Conseco that the district court, once it's made that decision, can enter a stay of the state court proceeding in order to effectuate its judgment. What's really critical, in my view, is the fact that there is no question that the Federal Court had jurisdiction in this case. There is no obstacle to parallel proceedings in this case, both in state and federal court, on the issue. There had been no res judicata or collateral estoppel bar. The court did, obviously, and was concerned about conservation of judicial resources under the Colorado River Doctrine. She went through those considerations. And every one of them are in favor of the court's decision not to abstain in this case. And I'm happy to go through those. But it was her decision not to abstain that is reviewed for clear abuse of discretion. It's our position that she did not abuse her discretion here. And I understand the court is concerned about the stay itself, but it was really clear based on the procedural history and the fact that we weren't a party to the state court case. And the fact that the party who was, was trying to march forward in obtaining a judgment on the merits that should be before arbitration. This case is different because this deals with a strong federal policy of arbitration. And the Supreme Court, in Moses Cone, made it very clear that in balancing the Colorado River factors, piecemeal litigation is not a concern because of the strong, overwhelming federal policy. And so my opposing counsel, who focuses on numbers three and four, I'd like to focus on those factors. Number three is the avoidance of piecemeal litigation. And that concern primarily deals with a property issue, like they had in Colorado River. And Moses H. Cone in the Supreme Court noted that and said the Colorado River doctrine in the context of arbitration, and the court found that the FAA requires piecemeal litigation when necessary to give effect to an arbitration agreement. It even said a decision to allow arbitrability to be decided in federal rather than state court does not cause piecemeal litigation of the underlying dispute. In other words, the... That just sounds to me like saying the federal law is better than the state law. Well, in terms, once the... That's the new federalism. Your Honor, I think that... Maybe that's the old federalism. In your concern of whether or not which law is supreme, judgment on the merits of arbitration is a concern. Ms. Malazzo at the district court, she weighed through the decisions and overriding her concern was arbitration and the strong federal policy of arbitration. And the fact that there was just no bar at that point to her deciding when we filed the action, no decision had been made. And literally a day before the decision, the judge had made a decision to join us retroactively in the case and to say that we waived arbitration. One thing that's important to note, under Louisiana law, a state court judge cannot decide the question of waiver. The question of waiver is supposed to be decided by an arbitrator. There's a right to appeal that in Louisiana. We did have the right to appeal and we were appealing. And the problem is that process is very lengthy and there was no guarantee that our rights were going to be protected as long as we have the right. What's the indication that the state appellate courts in Louisiana aren't going to follow the law? I'm sorry? What indication is there that the state appellate courts in Louisiana aren't going to follow the law? Your Honor, we're not trying to impugn the credibility or the process in Louisiana. The issue is that we had the right to file in federal court. There'd been no final decision. There was no bar to the district court's jurisdiction. And so the district court balanced the factors and decided that the balance under the Supreme Court President and under Fifth Circuit President, the balance weighed heavily in favor of protecting a party's right to arbitration. The Biles case and the Conseco case of the Fifth Circuit both support the district court's ruling. And in fact, in the Conseco case, both of those cases, the district court issued a order compelling arbitration and in both of those cases, the district court enjoined the state court proceeding. And particularly in the Conseco case, it's very similar to the facts that we have here. In that case, it was the defendant that was seeking to compel arbitration. And after the state court had denied the motion to compel arbitration and was allowing discovery to proceed on whether or not arbitration should be had, so that adverse order had been issued in the state court. Nine months had passed since the lawsuit had been filed. And four months had passed since the district court issued an adverse order. It seems to me that there's a contradiction in what you're saying. On the one hand, you're saying there's no obstacle to parallel proceedings. But on the other hand, you're saying that it was perfectly acceptable to take the unusual action of enjoining the state court proceedings. Those two things are in tension. Yes, Your Honor. And the reason is, and I don't believe it's inconsistent, but the reason is that the federal policy of arbitration allowed the court to compel arbitration. And once that finding is made, there is the right under the case law for the district court to protect its judgment. And at that point, it does become a supremacy issue in a federal court in order to protect and effectuate the final judgment that the district court has already rendered. And so I don't know that that's inconsistent. I think that, you know, and I go back to the Moses Cone decision of the Supreme Court. The Supreme Court's Moses Cone decision, I really do. I think that that decision makes it very clear that inconsistent rulings, inconsistent parallel proceedings are something that may have to occur in order for the courts to protect the right to arbitrate. In getting back to the Conseco decision, where somebody, the party had waited nine months after the initiation of the state court lawsuit, and four months after entry of an adverse order, the defendant went to federal court and asked the federal court to compel arbitration. Again, just like us, the only issue before the federal court was whether or not to compel arbitration. And the Fifth Circuit said, even though a party could find adequate protection in state court, does not thereby deprive that party of its right to the federal forum, and who may still pursue the action there since there is no ban on parallel proceedings. And that is citing to the Colorado River case and Moses H. Cone, which we believe both provide the rule of law here. There is no, there is, you know, while... I think the point is there are two different things. Was it appropriate to order arbitration? And the second question is, having done so, was it appropriate to additionally stay the state court proceedings? Does Moses Cone speak to the latter issue? No, it does not. It refers to... Okay. Judge Smith's question, what case addresses Judge Smith's question? Conseco and Biles in the Fifth Circuit. Both of those cases do provide for the enjoining of a state court action after a federal court has ruled that it is compelling arbitration under the FAA. And on that basis, once there is a final judgment rendered, both of these cases, Biles and Conseco, support the entry of an injunction. And immediately, if the district court had not enjoined the state court proceeding, the judgment would have meant nothing. And that is because one week after the federal court issued its decision, Mr. McCall went back to state court and asked for hearings on the merits of the claim and the defenses to try to say that he was not obligated and had not breached his non-compete, which is the ultimate issue in the arbitration that the judge had raised. So a finding on that merit decision would have precluded that issue in arbitration under res judicata. And so the district court then made it very clear and said, these issues have to be arbitrated. Mr. McCall had agreed to it. Aptam had sought it quickly without any question of waiver and compelled the parties to arbitrate and to stay. I think, Your Honor, in answering your question, I do think it would be meaningless in this case if the district court had issued the order compelling arbitration but not stayed the state court proceeding. You'd still have the arbitration, though. The problem was that they were marching forward against Shaw, who no longer had an interest in the underlying case, as if they were Aptam. And so they were going to try to get a decision that would impact the merits and then use it as res judicata in the arbitration. So I do think that that's why the district court was very troubled by that. The district court was troubled by the procedural posture and the fact that Aptam had been kept out of the case, but Mr. McCall had continued to advance the case against a party who had no interest. And so the remedy that we had was federal court under the FAA. And she, in balancing all of those issues, found that it was appropriate for her not to abstain. If you have no further questions, I'll leave you in time. Thank you, Ms. Consiglien. Thank you. Ms. Murphy, you've saved time for rebuttal. Thank you, Your Honor. If I could start. One point I just want to make sure is very clear. You know, Aptam repeatedly talks about not being a party to this state court litigation. By the time the federal court took up the issue of arbitration, Aptam had been joined to that litigation. There's no question that Aptam was a party to the state court litigation at that point. The order that the state court had entered before the district court acted specifically said that the arbitration Aptam had initiated was stayed, the exact same arbitration that Aptam was asking the district court to compel. So, you know, they were fully a party to the order. They were fully a party to the proceeding. By the time the federal court took it up, which is what should matter for purposes of the abstention and anti-injunction analysis, on the Biles and Conseco cases, those are both cases where the federal court ruled first. We're not here to dispute the proposition that if you have parallel proceedings on whether to compel arbitration and the federal court answers that question first, then the federal court can enter an injunction. This court has held that that's appropriate. This court has never held that after a state court says, no, I won't compel arbitration or no, I'm going to stay arbitration, that it's an appropriate exercise of the federal court's power to come in, overrule that determination, and then enter an injunction, the whole point of which is to deprive the first-in-time state court decision of effect. That is not what either of those cases involve. The only cases that involve that dynamic are the cases from the Fourth, Sixth, and Tenth Circuit that we discuss in our briefing. And in each of those cases, the court said, you know, it never even got to anti-injunction act because the court said, you should be abstaining. What are you doing entering orders? You know, why would a federal district court enter an order that is directly contrary to one that the state court has already ordered? Aptam points out that the decision by the state court here was interlocutory. It was in all three of those cases. It was in Atlantic Coastline, in the Supreme Court's anti-injunction act case. We wouldn't be talking about abstention if there was a final judgment. In every abstention case, there's not preclusion or a jurisdictional bar. Otherwise, you would have a Rooker-Feldman problem or whatever it is. So by definition, when you're in the context of abstention, sure, the federal court has jurisdiction. The question under the abstention analysis is, are there reasons that the district court should stay its hand even though it could act? And the question under the anti-injunction act is, you know, even if you can enter a decision, is there power or has Congress said, no, you cannot enjoin state court proceedings under these circumstances? And I think the Atlantic Coastline case makes crystal clear that this is not the kind of case that falls within the relitigation exception. That's not an exception that basically allows federal courts to relitigate issues that state courts already litigated and then enter kind of a re-relitigation injunction. It's about first-in-time federal court rulings and the power of a federal court to protect those. And finally, on the point about Moses H. Cone, I'd invite the court to go back and take a look at what the Supreme Court was saying there about piecemeal litigation. The court was making a very different point, which was that sometimes it's inherent in the arbitration agreement itself that there will be piecemeal resolution. That was a case where there were multiple parties to the dispute and only some of them had agreed to arbitrate. And so the court was simply saying, look, if by virtue of the arbitration agreement itself there's going to be piecemeal resolution, that's not the kind of piecemeal resolution with which that is an issue that we're talking about in the abstention context. That's not what we're talking about in this case either. Our point isn't about how the particular arbitration agreement would have allowed this dispute to be resolved at the end of the day when the actual dispute is resolved. Our point is this was creating piecemeal litigation and an injunction on the exact issue of arbitrability and whether that should be compelled or stayed. And I suppose in one final point to make, you know, AFTA makes much of the fact that we're not challenging the legitimacy of the arbitration agreement. That's because we're raising a waiver argument, which is a well-recognized ground in both federal and state court for concluding that arbitration should not go forward. So certainly the fact that we're raising a waiver argument instead of an argument that the agreement itself is not valid is no reason that the federal courts should be overruling the determination that the state court made. With that, we ask you to reverse and instruct the district court to dismiss this case. Thank you.